William E. Stanton, Esq. Town Attorney, Stanford
You have asked whether the member of the planning board appointed under section 271(2) of the Town Law to represent the agricultural community in a town is a full voting member of the board.
The town board is authorized to appoint a planning board consisting, in the discretion of the board, of five or seven members (Town Law, §271[1]). Additionally, in any town where at least 20% of the area of the town is devoted to agricultural pursuits, the town board may appoint an additional member to the planning board (id., § 271[2]). The person appointed under this authorization must derive more than one-half of his annual income from agricultural pursuits (ibid.).
The planning board has responsibility for the development of the master plan which forms the basis for development in the town (Town Law, §272-a); if authorized by the town board, it advises other town departments and officers prior to the taking of action (id. § 274); and it may be given the responsibility to approve site plans (id., § 274-a) and subdivision plans (id., § 276).
There is no indication in section 271(2), which authorizes the appointment of a member to represent the agricultural community, or in the other provisions of law designating the powers of planning boards, that the member of the board representing the agricultural community is to be less than a full voting member of the board. Nor does the legislative history reveal such a purpose (Bill Jacket, L 1957, ch 530). We see no reason to infer such an intent and believe that a reasonable construction is that the Legislature intended this member to have all the powers possessed by other members of the board. Otherwise, the obvious purpose of section 271(2), to give the agricultural community a voice in zoning and planning, would be defeated.
We conclude that the member of the planning board appointed to represent the agricultural community in a town is a full voting member of the board.